

# The Attorney General of Texas

September 12, 1979

*Overruled by Pena v. Rio Grande Consolidated I.S.D. CA No. 8577 t-4. un app. Eastland 4-16-81*

IK WHITE
rney General

me Court Building
3ox 12548
1, TX 78711
75-2501

ommerce, Suite 200
s, TX 75202
42-8944

Alberta Ave., Suite 160
so, TX 79905
33-3484

Main, Suite 610
ton TX 77002
2c     1

Broadway, Suite 312
ock, TX 79401
747-5238

N Tenth, Suite F
llen, TX 78501
682-4547

Main Plaza, Suite 400
Antonio, TX 78205
225-4191

Equal Opportunity/
rmative Action Employer

Honorable M. L. Brockette
Commissioner of Education
Texas Education Agency
201 East Eleventh Street
Austin, Texas 78701

Opinion No. MW-56

Re: Whether a school district may employ relatives of the school superintendent without violating the nepotism laws.

Dear Commissioner Brockette:

You have requested our opinion concerning the applicability of the nepotism statute to a school district superintendent and hiring practices of a school district. You have asked under what conditions a school district may hire the superintendent's relatives who are within the degrees of kinship set forth in article 5996a, V.T.C.S. Your question has arisen as a result of Letter Advisory No. 156 (1978) in which it was said the college district could not employ the president's relatives because the president of a junior college by statutory authority exercised joint control over the selection of faculty and other employees. See Educ. Code § 130.082(d) (no one may be hired except upon the president's recommendation).

The nepotism statute provides:

Art. 5996a. 'Nepotism'

No officer of this State nor any officer of any district, county, city, precinct, school district, or other municipal subdivision of this State, nor any officer or member of any State district, county, city, school district or other municipal board . . . shall appoint, or vote for, or confirm the appointment to any office, position, clerkship, employment or duty, of any person related within the second degree by affinity or within the third degree by consanguinity to the person so appointing or so voting . . . when the salary, fees, or compensation of such appointee is to be paid for, directly or indirectly, out of or from public funds. . . .

For purposes of the nepotism statute we believe that the superintendent is an officer. See Educ. Code § 23.28. The superintendent, therefore, may not ordinarily hire his kindred. See Attorney General Opinion R-500 (1947). However, if the superintendent has no determining control over selection of those hired, and they are not considered employed and are not paid until some action by the school board, relatives of the superintendent may be hired by the school district. On the other hand, to the extent the superintendent has been delegated authority under the district policy to hire or appoint without subsequent action by the school board he is obviously exercising control in the selection process and may not hire his relatives. Letter Advisory Nos. 156, 152 (1978).

We believe that the superintendent may recommend or forward a subordinate's recommendation to the school board that his or the subordinate's relative be hired. The board is not bound by that recommendation and unlike the facts of Letter Advisory No. 156 (1978), is not limited to those recommended by the superintendent. If the policy of the school district requires the board of trustees to consider for employment only those persons recommended by the superintendent, we believe that Letter Advisory No. 156 (1978) would be applicable and would preclude the superintendent from recommending his relatives. Whether his recommendation rises to the level of de facto control over the hiring as a matter of custom or practice in violation of the nepotism statute is in each case a factual question which we cannot resolve in the opinion process.

## SUMMARY

A school district may employ relatives of the superintendent where he exercises no control over who is selected and does not himself appoint or hire his relatives.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by David B. Brooks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Walter Davis
Susan Garrison
Rick Gilpin
William G Reid
Bruce Youngblood